UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| Milissa Fuscaldo,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    C.A. No.:<br>: |
| Total Mortgage Services, LLC,<br>    Defendant. | :<br>: |

Plaintiff Milissa Fuscaldo ("Plaintiff") brings this Complaint against Defendant Total Mortgage Services, LLC ("Defendant") as follows:

**Parties**

1. Plaintiff is a Rhode Island resident.

2. Defendant Total Mortgage Services, LLC is a Connecticut limited liability company with a principal office at 185 Plains Road, 3rd Floor, Milford, CT 06461.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

4. This Court has personal jurisdiction over Defendant because it has sufficient minimum contacts with Rhode Island to provide this Court with jurisdiction, including (i) Defendant's continuous, systematic and routine communications, business contacts, and business transactions in Rhode Island in connection with the subject-matter of this action; (ii) Defendant's conduct was directed at and has caused harm to Plaintiff in Rhode Island; (iii) Defendant's acts caused injury to Plaintiff in Rhode Island and Defendant expected or reasonably should have expected the acts to have consequences in Rhode Island; (iv) Defendant derived substantial revenue from interstate commerce; (v) Defendant was and is licensed and registered to do business in Rhode Island.

5. Through such conduct, Defendant has purposefully availed itself of the privileges of conducting business in Rhode Island, and when engaging in such conduct, should reasonably have perceived that they would be subjected to this Court's jurisdiction.

6. Venue is proper under 28 U.S.C. § 1391(b) and (c).

## Facts

7. On or about October 30, 2023, Defendant hired Plaintiff as a Producing Branch Manager and Plaintiff's employment commenced on that date (the "Start Date").

8. On November 14, 2023, Plaintiff executed a Producing Branch Manager Employment Agreement with Defendant (the "Agreement"), with an effective date of October 30, 2025.

9. At the time Plaintiff started employment with Defendant, she was a licensed Mortgage Loan Originator with the Nationwide Multistate Licensing System ("NMLS") that was valid through December 31, 2024 ("NMLS License").

10. At no time prior to or after the Start Date did Plaintiff of Defendant discuss the Plaintiff's payment or reimbursement of her NMLS License fees.

11. On January 26, 2024, Plaintiff resigned from her employment with the Defendant.

12. On June 28, 2025, Plaintiff reviewed her credit report with the creditor reporting agencies ("CRAs") and discovered an unpaid collection item of $4,000 was reported on April 23, 2025 in connection with a licensing fees allegedly paid by Defendant (the "Disputed Debt").

13. However, the Disputed Debt is not valid because Plaintiff was already had an NMLS License at the time she was hired by Defendant.

14. Further, Plaintiff not required to pay or reimburse Defendant for any applicable licensing fees in connection with her employment with Defendant, including her NMLS License fee.

## Count I
### (Violation of Fair Credit Reporting Act ("FCRA", 15 U.S.C. § 1681 *et seq.*))

15. On May 14, 2025, Plaintiff submitted a complaint and supporting documents challenging the Disputed Debt to the CRAs (the "Complaint").

16. Despite filing the Complaint and providing supporting documentation demonstrating the Disputed Debt is invalid, the Disputed Debt has not been removed from the Plaintiffs credit reports with the CRAs.

17. Pursuant to FCRA, a party furnishing information to a CRA must investigate disputed information after receiving notice from a CRA that a consumer filed a dispute with the agency.

18. Upon information and believe, the Complaint was submitted to the Defendant by the CRA on or around May 14, 2025.

19. Such investigation by the furnishing party must be reasonable. *See Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1301 (11th Cir. 2016); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1155 (9th Cir. 2009); *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004)).

20. Defendant failed to conduct a reasonable investigation into the Disputed Debt.

21. Defendant's failure to conduct a reasonable investigation into the Disputed Debt willful.

22. Plaintiff is entitled to recover actual and statutory damages for Defendant's violation of the FCRA.

## Count II
### (Declaratory Judgment Under 28 U.S.C. § 2201)

1. Plaintiff repeats and incorporates by reference each and all of the preceding paragraphs as if each were fully set forth herein.

2. An actual controversy exists between Plaintiff and Defendant as to the validity od the Disputed Debt

3. Plaintiff is entitled to a declaratory judgment adjudicating the it does not owe the Disputed Debt and Defendant cannot report the Disputed Debt on Plaintiff's credit reports.

## Count III
### Breach of Contract

23. Plaintiff repeats and incorporates by reference each and all of the preceding paragraphs as if each were fully set forth herein.

24. Plaintiff and Defendant entered the Agreement.

25. Plaintiff performed her obligations under the Agreement.

26. Defendant breached the Agreement seeking to collect the Disputed Debt and reporting the Disputed Debt on Plaintiff's credit report.

27. Plaintiff has been damaged by Defendants breach of their Agreement in an amount to be determined at trial, plus interest, costs, and reasonable attorney's fees.

WHEREFORE, Plaintiff respectfully requests this Court:

A. Enter judgement favor of Plaintiff and against Defendant under Count I for actual and statutory damages in an to be determined at trial, plus interests, late fees, costs, and reasonable attorneys' fees;

B. Enter judgement favor of Plaintiff and against Defendant under Count II in an to be determined at trial, plus interests, costs, and reasonable attorneys' fees;

C. Enter judgement favor of Plaintiff and against Defendant under Count III in an to be determined at trial, plus interests, costs, and reasonable attorneys' fees; and

D. Order such other and further relief as this Court deems just.

Plaintiff
Milissa Fuscaldo,
By her attorney,

/s/ *James G. Atchison*
James G. Atchison (BBO No. 671047)
Casner & Edwards, LLP
303 Congress Street
Boston, Massachusetts 02210
(857) 241-1355
atchison@casneredwards.com